RECEIVED
SEP 2 5 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ROBERT WASHINGTON | CIVIL ACTION NO. 11-CV-1906 |
| VERSUS | JUDGE DOHERTY |
| OMEGA PROTEIN INC. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a motion for partial summary judgment [Doc.6], filed by plaintiff Robert Washington, whereby plaintiff seeks a ruling from this Court that his "maintenance payments be increased to a reasonable rate, and that rate be applied retroactively to the date maintenance was first due." [Id. at 1] For the following reasons, the motion is GRANTED.

**I.   Background**

On July 12, 2011, plaintiff filed suit in the United States District Court for the Eastern District of Louisiana, asserting claims for negligence pursuant to the Jones Act, unseaworthiness, and maintenance and cure. [Doc. 1] On October 21, 2011, upon motion of defendant, the matter was transferred to this Court. [Docs. 8, 9] Plaintiff alleges on July 18, 2010, he was vacuuming pogey fish out of a net aboard Omega Protein Inc.'s ("Omega") vessel, the F/V RACOON POINT, when he slipped and fell on one of the fish, causing injuries to his back. [Doc. 6-1, p.1; Doc. 1, ¶4] Plaintiff states he "has received maintenance and cure payments from defendant, however his maintenance payments total only $15 per day and are inadequate to meet even his basic needs." [Doc. 6-1, pp. 1-2] Plaintiff argues his payments should be increased to $40.23 per day "and should

1

be applied retroactively from the date plaintiff was first due maintenance, July 19, 2010." [Id. at 5][1]

According to the Declaration of C. David Ott, Director of Claims for Omega, plaintiff has been receiving maintenance at the rate of $20.00 per day since March 28, 2011. [Doc. 17-1, ¶4]

## II. Summary Judgment Standard

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. Proc. 56(a). As summarized by the Fifth Circuit in Lindsey v. Sears Roebuck and Co., 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; see also, Moody v. Jefferson Parish School Board, 2 F.3d 604, 606 (5th Cir.1993); Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after

---

[1] Although in its answer defendant denies plaintiff was a permanent member of the crew of its vessel, it later avers if plaintiff "sustained any injury or sickness while in the service of a vessel owned and operated by Omega, which is at all times specifically denied, then any recovery by Complainant should be limited to the payment of maintenance and cure and no other damages." [Doc. 22, ¶ 2, p.3 ("Fifth Defense"); see also Doc. 1, ¶3] Within its opposing memorandum, defendant does not argue plaintiff is not a Jones Act seaman, nor does it argue plaintiff is not entitled to maintenance and cure. Accordingly, the Court assumes all parties now agree plaintiff is a seaman to whom an award of maintenance and cure is available pursuant to applicable law.

adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

Lujan v. National Wildlife Federation, 497 U.S. 871, 884 (1990)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." Id. To the contrary, in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached. Roberts v. Cardinal Servs., 266 F.3d 368, 373 (5th Cir. 2001).

### III.   Applicable Law

"Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is

3

incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Vaughn v. Atkinson*, 369 U.S. 527, 531 (1962). "Maintenance and cure are due without regard to the negligence of the employer or the unseaworthiness of the ship. Maintenance is a per diem living allowance, paid so long as the seaman is outside the hospital and has not reached the point of 'maximum cure.'" *Gaspard v. Taylor Diving & Salvage Co., Inc.*, 649 F.2d 372, 375 (5th Cir. 1981) (citing *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979)). "'[A]mbiguities or doubts in the application of the law of maintenance and cure are resolved in favor of the seaman.'" *Breese v. AWI, Inc.*, 823 F.2d 100, 104 (5th Cir. 1987)(quoting *Gaspard v. Taylor Diving & Salvage Co.*, 649 F.2d 372, 374, n. 2 (5th Cir. Jul. 1981)); *see also Vaughan* at 532.

"[A] seaman injured while in the service of a vessel is entitled to maintenance if he incurred the costs of food and lodging during that period." *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 590 (5th Cir. 2001).[2] "However, if the seaman's actual expenses are not sufficient to afford him food and lodging that are reasonably adequate, the court should award maintenance sufficient to provide reasonable food and lodging, even if the award exceeds the seaman's actual costs." *Id.* at 588 (citing *McWilliams v. Texaco, Inc.*, 781 F.2d 514, 517-18 (5th Cir. 1986)("Actual expenses do not always provide a satisfactory benchmark, because in many cases a seaman may not have sufficient funds to obtain the kind of maintenance which the law provides him.")). "The plaintiff must present evidence to the court that is sufficient to provide an evidentiary basis for the court to estimate his actual costs." *Id.* at 590. The seaman's burden of production in this regard is "'feather light,' and a court may

---

[2]The *Hall* court cited three cases for this statement of law. Two of those cases involved seamen who convalesced with their parents, and incurred no expenses or liabilities. *See Marine Drilling, Inc. v. Landry*, 302 F.2d 127, 128 (5th Cir. 1962); *Johnson v. United States*, 333 U.S. 46, 50 (1948). The third case involved a seaman who was treated at a marine hospital for disabled seaman, for which he incurred no expense. *Field v. Waterman S.S. Corp.*, 104 F.2d 849, 851 (5th cir. 1939).

award reasonable expenses, even if the precise amount of actual expenses is not conclusively proved." *Hall* at 588 (quoting *Yelverton v. Mobile Laboratories, Inc.*, 782 F.2d 555, 558 (5th Cir. 1986)). However, "[i]f the plaintiff presents no evidence of actual expenses, the plaintiff may not recover maintenance." *Hall* at 590.

When calculating a maintenance award, the Court must engage in three steps:

> **First, the court must estimate two amounts: the plaintiff seaman's actual costs of food and lodging[3]; and the reasonable cost of food and lodging for a single seaman in the locality of the plaintiff.** In determining the reasonable costs of food and lodging, the court may consider evidence in the form of the seaman's actual costs, evidence of reasonable costs in the locality or region, union contracts stipulating a rate of maintenance or per diem payments for shoreside food or lodging while in the service of a vessel, and maintenance rates awarded in other cases for seamen in the same region. A seaman need not present evidence of the reasonable rate; a court may take judicial notice of the prevailing rate in the district.
>
> **Second, the court must compare the seaman's actual expenses to reasonable expenses.** If actual expenses exceed reasonable expenses, the court should award reasonable expenses. Otherwise, the court should award actual expenses. Thus, the general rule is that seamen are entitled to maintenance in the amount of their actual expenses on food and lodging up to the reasonable amount for their locality.
>
> **Third**, there is one exception to this rule that the court must consider. **If the court concludes that the plaintiff's actual expenses were inadequate to provide him with reasonable food and lodging, the plaintiff is entitled to the amount that the court has determined is the reasonable cost of food and lodging.** This insures that the plaintiff's inability to pay for food and lodging in the absence of maintenance

---

[3]"If the seaman's food and lodging are both reasonable in quality and free, he is entitled to no maintenance from the shipowner." *Hall* at 588. "[W]hen the seaman has made 'an expressed intention' to pay for lodging and food, even if the obligation is not legally enforceable, the seaman may recover maintenance." *Id.* (citing *McWilliams v. Texaco, Inc.*, 781 F.2d 514, 517-18 (5th Cir. 1986)). "[A] seaman may only present evidence of expenditures on food eaten by himself. If division of family food expenses is difficult, prorating the costs is an appropriate method of estimation." *Id.* at 589. Lodging includes those expenses "'necessary to the provision of habitable housing,' such as heat, electricity, home insurance, and real estate taxes." *Id.* at 590 (citing *Gillikin v. United States*, 764 F.Supp. 270, 273 (E.D.N.Y. 1991)). "Other expenses, such as telephone service, clothing, toiletries, and travel, are not part of maintenance." *Id.* "[I]f the seaman does not pay for the entire amount of the lodging costs, the seaman cannot recover for the entire amount. . . ." *Hall* at 589, n.30.

payments does not prevent him from recovering enough to afford himself reasonable sustenance and shelter.

*Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 590 (5th Cir. 2001) (footnotes omitted; emphasis added).

### A. Actual cost of food and lodging

In this matter, plaintiff has submitted an affidavit, stating substantively in its entirety as follows:

> [Robert Washington] incurs monthly expenses for necessaries in the following amounts
>
> | | |
> |---|---|
> | Rent | $300.00 |
> | Electric | $391.00 |
> | Gas | $65.00 |
> | Home phone | $101.03 |
> | Food | $350.00 |
>
> And that such payments total $1207.03 per month, or $40.23 per day.

[Doc. 6-6] Plaintiff submits no other relevant evidence in support of his claim for/of $40.23 per day in maintenance expenses.

Subsequent to the filing of plaintiff's motion, plaintiff's deposition was taken "specifically with respect to the maintenance and cure issues." [Doc. 32-4, p.1] Defendant has submitted portions of plaintiff's deposition, as well as certain exhibits attached thereto, to support its argument that plaintiff has failed to carry his burden of production in connection with this motion. With regard to plaintiff's rent, plaintiff supplied one money order receipt for a monthly rent payment in the amount of $300.00 [Doc. 32-4, Ex. N]; defendant submitted no evidence to show a monthly expenditure for

rent is not incurred, *i.e.* that plaintiff lives with family and/or friends *with no intent or requirement that he contribute to or pay rent*. As the jurisprudence is clear defendant's burden is only "feather light," the Court finds plaintiff has provided sufficient evidence, through his testimony and documentary evidence, that he bears responsibility for $300.00 in monthly costs of some nature for rent and $300.00 per month for rent is quite reasonable. With regard to electricity, plaintiff's affidavit states he incurs $391.00 in monthly charges. However, at his deposition, plaintiff provided a printout of the utility bill history from March through October 2011 for the home in which he lives[4], which actually averages $166.88 monthly.[5] [Doc. 32-4, p.7; Id. at Ex. D] With regard to gas (which this Court will assume refers to natural gas and not gasoline as the bill is from the city of Abbeville), plaintiff's affidavit states he incurs approximately $65.00 monthly and defendant does not dispute the amount. The utility bills provided at his deposition provide further support for his testimony. [Doc. 32-4, Ex. E] Regarding food costs, plaintiff's affidavit states he incurs $350.00

---

[4] According to plaintiff's counsel, plaintiff lives with his wife; according to defense counsel, plaintiff lives with his girlfriend. [Docs. 27, p.5; 32-4, p.2] Regardless, all submitted utility bills are in the name of "Angela C. Brown," and according to defense counsel, the lease is in Ms. Brown's name as well. [Doc. 32-4, pp. 2-3] While perhaps the inference defense counsel wishes this Court to make is that plaintiff does not contribute to the utility bills or monthly lease/rental payments, plaintiff's testimony is that he incurs these charges, and he has presented some documentary evidence to support this testimony. More importantly, counsel for defendant has not shown plaintiff's testimony is not accurate. Again, "ambiguities or doubts in the application of the law of maintenance and cure are resolved in favor of the seaman." *Breese* at 104; *see also Vaughan* at 532.

[5] Plaintiff testified his partner contributes towards the electric bill. [Doc. 32-5, p.3] The costs of utilities can be prorated *only* if they increase the seaman's utility expenses were he living alone. *Hall* at 589 ("If a seaman would incur the lodging expenses of the home even if living alone, then the entire lodging expense represents the seaman's actual expenses); *id.* at n.31 (to the extent additional family members do not increase a seaman's expenses, proration is not appropriate; citing as an example that "the costs of heating a home may be lower when more people occupy the same space"). Plaintiff testified these were his utility costs; defendant has presented no evidence or argument that plaintiff's utility costs have increased by virtue of his sharing a home with his partner. Additionally, "maintenance awards should depend on the reasonable cost of food and lodging for a seaman living alone in the seaman's locality." *Hall* at 587-88.

7

monthly. At his deposition, plaintiff stated $350 is as close as he could estimate, as he pays cash when he purchases groceries.[6] [Doc. 32-7, p.2] Plaintiff's affidavit additionally states he incurs $101.03 monthly in "home phone" charges. However, telephone charges are not considered "maintenance," and thus, are not recoverable. *Hall* at 588 ("Other expenses, such as telephone service, clothing, toiletries, and travel, are not part of maintenance.")

In light of the foregoing, the Court finds plaintiff has satisfied his "feather light" burden of production to show his actual, recoverable monthly expenses are as follows:

---

[6]Defense counsel argues, "Washington testified that his girlfriend, Ms. Brown, also pays for most of the groceries," and "When asked who pays for most of the grocery shopping, Washington once again pointed to Ms. Brown." [Doc. 32-4, pp. 2-3, 6] However, the portion of plaintiff's deposition defendant submits in support of these statements reads as follows:

> Q. When you go grocery shopping how do you pay for your groceries?
>
> A. Cash.
>
> Q. When Ms. Brown goes grocery shopping does she use her ATM card?
>
> A. Yes, sir.
>
> Q. So she would have a record of what she pays for.
>
> A. I'm sure.
>
> Q. And who goes to the grocery more, you or she?
>
> A. She does.

[Doc. 32-7, pp. 2-3] The foregoing testimony does not state plaintiff's partner pays for his groceries, or pays for most of his groceries; it merely states plaintiff's partner goes to the grocery store more often than he. Furthermore, even if plaintiff's partner does indeed pay for all or a portion of plaintiff's groceries, the foregoing testimony does not indicate whether or not plaintiff would be expected to reimburse his partner for his portion of the grocery bill. *Hall* at 588 ("[W]hen the seaman has made 'an expressed intention' to pay for lodging and food, even if the obligation is not legally enforceable, the seaman may recover maintenance.")

8

| | |
|---|---|
| Rent | $300.00 |
| Electric | $166.88 |
| Gas | $38.45 |
| Food | $350.00 |
| **Total** | **$855.33** |

Accordingly, plaintiff's actual maintenance expenses are **$28.51** per day.

**B.    Reasonable cost of food and lodging**

No evidence has been submitted by either party with regard to the reasonable cost of food and lodging for a single seaman living in plaintiff's locality.[7] However, as previously noted, "[i]n determining the reasonable costs of food and lodging, the court may consider evidence in the form of the seaman's actual costs, . . . , and maintenance rates awarded in other cases for seamen in the same region." *Hall* at 590. Additionally, as previously noted, "[a] seaman need not present evidence of the reasonable rate; a court may take judicial notice of the prevailing rate in the district." *Id.*

The Court has determined plaintiff has presented sufficient evidence to show his actual maintenance costs are $28.51 per day. With regard to maintenance rates awarded in other cases, in more recent years, courts sitting in the Western District of Louisiana have approved maintenance rates ranging from $20.00 to $40.00 per day. *See e.g. Leger v. Offshore Staffing Services of Acadania*, 2012 WL 525477, *1 (W.D.La.)($25.00 per day); *Manderson v. Chet Morrison Contractors, Inc.*, 2010 WL 3035491, *8 (W.D.La.)($40.00 per day); *Reed v. Ensco Offshore Co.*, 2008 WL 1733663, *2 (W.D.La.)($20.00 per day); *Theodile v. Delmar Systems, Inc.*, 2007 WL 2491808 (W.D.La.) ($20.00 per day); *Green v. SHRM Catering, Inc.*, 710 F.Supp. 174, 176

---

[7]Plaintiff's domicile is located in Abbeville, Louisiana. [Doc. 1, p.1]

(W.D.La.,1987)($23.47 per day); *Baum v. Transworld Drilling Co.*, 612 F.Supp. 1555, 1555 (W.D.La.,1985)($20.00 per day); *see also Hall* at 591 (upholding district court's finding that maintenance rates of $30.50 and $31.50 were reasonable amounts for single seaman living in Petal and Columbia, Mississippi, and noting that reasonable awards of $15.00 or $20.00 a day in the late 1970s and early 1980s were equivalent to approximately $38.55 and $36.68, respectively, in 1999 dollars).[8]

In this matter, plaintiff does not argue his "actual expenses [are] inadequate to provide him with reasonable food and lodging. . . ." *Hall* at 590. Therefore, "plaintiff is entitled to the amount that the court has determined is the reasonable cost of food and lodging" *Id., i.e.* $28.51 per day based upon the evidence presented. Accordingly, the Court finds plaintiff is entitled to $28.51 per day in maintenance payments, to be applied retroactively to the date maintenance was first due.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___25___ day of September, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[8] The *Hall* court cited the U.S. Dep't of Labor, Bureau of Labor Statistics, *Consumer Price Index for All Urban consumers: All Items* for its figures. The *Hall* court additionally noted "In the early 1980s, the Western District of Louisiana would award $15 per day in maintenance, absent contrary proof." *Hall* at 592, n.43 (citing *Curry v. Fluor Drilling Serv., Inc.*, 715 F.2d 893, 896 (5th Cir. 1983)(injuries sustained on or about December 22, 1979). Looking to the same *Consumer Price Index*, $15.00 in 1979 equates to $45.05 in 2010 dollars (*i.e.* the date of Mr. Washington's injury), and equates to $47.60 in 2012 dollars. However, this Court has contrary proof of expenses equating to less than the $47.60. *See Hall* at 588-89 (If the seaman spends less than the reasonable cost of food and lodging in his locality, he may only recover actual expenses, unless his actual expenses are insufficient to afford him food and lodging that are reasonably adequate.)

10